Good morning, Your Honors. My name is Karen Bucher, and I represent Terrell Oden. In this case, the question is, does the Supreme Court authority allow the State Court to look to other sources beyond the charging document to determine whether the defendant received notice of the charges? And as this Court recognized in Glock v. Lewis, there are only two Supreme Court cases that control this answer, and they are Pohl v. Arkansas and Dijon v. Oregon. And in both those cases, the Court limited its review to the four corners of the information and did not consult other sources when it determined the nature of the charges. And Oden's point in this appeal is that the State Court's decision unreasonably applied this call in Dijon because it consulted outside sources when it determined that Oden had notice of the intentional discharges. Did either of those cases state that a four corners rule? No, it did not, but it didn't say that you can consult outside sources either. But in Kohl, the case was far more egregious than what we have here. Effectively, the charge was changed on appeal, and that's really not your case. You knew what your client was being charged with because you had had a first-miss trial, and they had given a jury instruction. Yes, but that's consulting outside sources to know that. Well, you don't have to consult outside sources. You were present in court. I don't know whether you were the trial counsel, but whoever was trial counsel was present in court. The jury instructions were approved. You knew what your client was charged with. This was not a surprise. There was no change here that wasn't disclosed to your client. And then you had a mistrial in the first case. You come back and retry it. No change in the jury instructions. What was the surprise? That's all true, Your Honor. But what my argument is is what the Supreme Court said, how you provide notice to a defendant. And as far as I could tell, the two cases that have addressed this issue have found that they've only consulted the four corners of the information. And that's how the Supreme Court authority stands today. But you agree that there's not a four corners rule, right? It didn't come out that way, but my reading infers that that's what they did. They looked at the information. But the Supreme Court is really focused on due process. They want to make certain that a criminal defendant is fully informed of the charges against him or her, right? Isn't that the ultimate underlying reasoning of the Supreme Court? That's the purpose, but the rule is how the person is informed. But can you point to anything in either Cole or Dijon that indicates that you can only look at the information or the indictment and nothing else? Only the fact that they did not consult outside sources. Okay. But in, for example, in Gov, which is our case, they didn't, the Court didn't actually even examine the information. Whereas in this case, the Court did look at the information and concluded that it contained sufficient formal allegations or factual allegations, rather. Your Honor, I'm glad you brought that up because when I was preparing for argument, I read the Court's opinion, the State Court's opinion. And by my reading, the State Court found that the information did not allege all the elements necessary. In Gov? No, in my case. In your case? In this case. It's in SCR 245. The California Court said that here are some, but not, although not all the facts supporting Section D's enhancements were alleged in the amended information. In other words, the California Court was saying in the information before Odin, not all the facts were alleged to support a conviction under Subsection D. Well, but you're only reading part of it because the Court went on to note that the information need not refer to the specific statutory section imposing the enhancement side. That's at 245. And then concluded the defendant had notice of the possibility of an enhanced sentence based on discharge of a firearm resulting in Rene Gamora's murder, and that's at 246. Do you agree with that? Right. They had notice because of the outside sources. By my reading of what the Court said from the four corners of the document, it did not support the D enhancement. There was not enough facts. And if you read the information, it shows that the victim was fatally shot, and that half-pint, the gang member, killed the victim. But it doesn't show that the shooter intentionally discharged the gun. That fact is missing from the information. Counsel, if we were to agree with you, is this a structural error? Yes, it is, Your Honor. And what case makes it a structural error? It's a structural error because, just as in Gott, in Gott v. Lewis, this Court believed that this claim is a structural error because it affects the framework in which the trial proceeds because of the right to notice is so fundamental. But if we were to decide, if we thought that the framework of this case were not affected, would we still need to use the structural error rule? What prejudice did your client suffer in the second trial? If you look at prejudice, that's something different. I think that the focus of my argument, and this is really simple, if you just look at the Supreme Court authority, it just states you can look at the information and nothing else, and nothing else matters. But following up on Judge Bivey's point, I mean, you've conceded the Supreme Court has not given a four corners rule here. You're saying that there's a structural error here, and yet, if we ask you to point out, what specific point in the elements of the crime was your client surprised about at the second trial? What new thing occurred that he was not fully aware of, either as a result of the information, the prior jury instructions, the whole first trial, basically? What was new? Well, nothing is new because you know that because you're consulting the outside sources. Okay, but so then you get back to the issue, did your client have due process? And that's what the Supreme Court has made clear in De Jong and Cole. Entitled to due process, your client was not surprised. So here, unless the Supreme Court has a four corners rule, which I don't see, and I think you've conceded that's the case, and there's really no authority that I'm aware of from our court that indicates that this is a structural error if you don't follow just what's in the information, you're asking us to basically create a new rule that would require everything to be within the four walls of the information or an indictment, aren't you? Well, in the court, De Jong stated that we must take the indictment strictly construed. But that's a different point, is it not? We're talking about due process for your client to make certain your client is not surprised. The client knows exactly what is being charged. Indeed, this case is unusual in that you have a prior trial. It was like you've seen the movie, basically. There's nothing new. You've seen the movie. So having seen the movie, how can you say, I'm really surprised by all of this. I don't have due process. I agree with you on that there was actual notice. If you look at the outside sources, I think my point is... So you're saying even though there was actual notice and therefore certainly due process, that because it's not within the four walls of the information here that we have to overturn this and send it back. Because under Supreme Court law, notice is limited to the information. But I thought you agreed that there wasn't a four corners rule. Now you're telling us that there was. The information has to be strictly construed. And what's in the information is what provides notice. Let's talk about that for a minute. But if the information alleges that Odin and the other members of the gang went out looking for someone to shoot, and that's not notice or evidence of intent, is that what you're arguing? Well, what the information says, defendant waited while a gang member got out of the car to shoot a gang rival. But the overt acts allege that they went out looking for someone to shoot. Yes, and then it says, after the fatal shooting of the victim, the defendant waited while Halfpoint got into his car and drove Halfpoint home from there where Halfpoint had killed the victim. Those facts only show that the victim was fatally shot and that Halfpoint killed him. What is missing from that was an intentional discharge of a gun. Anything could happen between point A and point B. So you're saying that even if they went out with the intent to find someone to shoot, a rival gang member, that that's not close enough to the actual act to support an intent? No, because in this case it wasn't a gang member that was even shot. It was someone random. It was someone random is what happened. But they went out looking for someone to shoot. And what went through their heads as to why they shot this person, but they were looking for someone to shoot. And the evidence is they settled on the victim. But by these facts, we really don't know what happened, how the gun went off. Someone could have attacked him or it could have gone off accidentally. By these particular facts and information, we just don't know that. And that's why I think the state court agreed that all the facts did not support the intentional discharge. You know, this case reminds me of Carey v. Ms. Laden, the case where the petitioner argued that he was prejudiced by private conduct in the courtroom. It was the case where the victim's family wore the buttons that showed the image of the victim. And this court actually agreed that it prejudiced the defendant. But the Supreme Court looked at it and says, no, our cases at that time dealt with state actors in the courtroom and not private actors. So the petitioner could not obtain relief. And in my mind, there's not a distinction between private actors and state actors in the courtroom. But the Supreme Court made a big point about that because the Supreme Court authority didn't – there was no cases that said it applied to private actors. And this case is similar where the Supreme Court authority just applies to what is contained in the information to provide notice. Thank you, Counsel. We'll hear from the government. May it please the Court, David Wallen, Deputy Attorney General for the Warden. This entire issue is procedurally barred as the state court of appeal found. There was no objection on this basis in the trial court. And the reason, I think, and I think it's clear that the defense counsel didn't object, is because he had noticed. There were two trials. There was plenty of notice about what the charges were, what the jury verdicts were going to be, what the jury instructions were going to be, and there was fair notice. And that's why there was no objection. Counsel, I understand that you've made the objection that it was procedurally barred. But the state court of appeals actually dealt with this on the merits. Yes, in the alternative. The state court of appeals said it's procedurally barred and it's unmeritorious. So they did have an alternative holding on that. Does Robin's footnote 34 have any bearing on this as far as the procedural bar? I'm talking about the Supreme Court's decision that if there's been an argument of a bar and they go ahead and decide the merits without saying further about the bar, it means they have found that the bar is not applicable here. Is that true in this case? Well, in this case, the California court of appeals actually said defendant cannot reasonably claim lack of notice concerning the enhancement and waived or forfeited any such claim. So the state court did find both merits and procedural bar. They did find both. Did they go to the state supreme court? On the petition for review, it did go to the state supreme court. Did you argue a procedural bar in the state supreme court? Well, I believe this was brought up on a petition for review which the State didn't file anything on and it was simply denied, petition denied as it commonly happens. And in what way was it denied? Well, with a petition, when the state supreme court says petition denied on a petition for review, we consider that a ruling on the merits and it's unmeritorious. Did the State deny it on the merits? Yes. Okay. Well, if it's denied on the merits, then it wasn't denied on the basis of the procedural bar, was it? I think I misspoke. Under Ilst, we assume that the State supreme court upheld the California court of appeals. My question is very specific. What did the California supreme court say in its order denying review? Petition denied. Okay. It didn't cite any cases? No. Okay. And it didn't say on the merits? No. Okay. All right. So let's assume for a moment it's not procedurally barred. What do you have to say about the merits? Well, first of all, I think the accusatory pleadings here, the information and the amended information gave notice that this was going to be an intentional, at least the prosecution was alleging intentional discharge of a firearm causing death, which is the murder charge. But even if we get beyond that, there's no supreme court authority which says that you can't look beyond the information. Neither Dijon nor Cole directly addressed the issue before this court today. Dijon was basically a First Amendment case that reversed on First Amendment grounds. And Cole was a very, very different case. There, the supreme court found that the problem was the jury was never instructed on Section 2, and therefore, how could the charge be upheld under Section 2, or was Section 1, they were upheld in Section 2? Here, there's no question the jury was instructed on Subdivision D. The verdict was in Subdivision D. You're talking about in the first trial, or are you talking about the second trial? In both trials in this case. You really can't count the second trial, can you? I mean, if there had not been a first trial, you really can't say that the defendant had notice sufficient to protect himself and to react based upon what he found occurring during the second trial, can you? That would be Kafkaesque. Well, it's a much harder argument, but I think this case, with that first trial, we know exactly that the defense had notice of Subdivision D. Okay, first trial, I'm with you there, but I heard you talking about the second trial, and I'm really puzzled as to how that could be adequate notice if that's all that he had. Well, maybe we should focus on the first trial, because clearly he had notice of that. He clearly had notice of what was in the information. But the second trial, he was actually in it at that point. He can't really prepare if that's what he's seeing coming down the pike at the very moment that it's occurring. Well, that was certainly the concern that the panel in God had, that the instructions that came at the end of the trial in the prosecutor's argument may not have been sufficient. However, in this case, we do have the first trial, and we do have the fact that there was no defense objection when the instructions were given. Hey, I didn't have notice that Subdivision D was going to be alleged. But I gather you want us to focus on the first trial and the fact that there was the movie that I talked about before where the defendant clearly knew what the State was arguing, what the charge would be, what the jury instructions were, exactly what the State was asking for. Is that your primary focus? Yes. Okay. Counsel, could the State have amended the indictment? Prior to the second trial? Yes. Why didn't it? Well, what we have in the record is that all parties agreed the same instructions would be given, which would include the Subdivision D instruction. Everybody was unnoticed that that was being alleged. It's simply they didn't make the formal charging amendment. Is it because there was no objection that if there had been an objection, could we assume that the State would have amended? Well, we do have in the record a handwritten interlineation on the amended information. So somebody did change that. However, the record that we have, the trial court record, doesn't show exactly who amended that or who wrote that in. So we do have some evidence that somebody did try to amend the information in that manner. But there's no transcript showing who did that? No. There's nothing in open court where the clerk or the prosecutor says, I'm going to do this. Is it possible that the reason that there was no record is because the defense didn't object and the prosecutor decided it was not necessary to file an amended information? Well, certainly. There didn't seem to be any dispute about it. Did I understand you earlier to say that there was, in fact, an agreement between the parties that the information would not be amended? Did I misunderstand? That the instructions, the jury instructions. Oh, the jury instructions. Okay. All right. And the jury instructions in the second trial were identical to those in the first trial. Is that correct? Yes. Okay. With the exception of, I believe, one additional defense instruction that was requested. But other than that, they agreed that the same ones and not new ones would be filed. What did the defense ask in its new instruction? What instruction did it seek? I don't have that in front of me, what that additional instruction was. You don't know whether it bore on the issue before us, do you? I don't believe it did. Okay. Certainly, with the agreement that the same instructions would be given, it was an agreement that there was fair notice of subdivision D was being alleged. And neither Cohn nor de Jong says that, is a statement by the Supreme Court that you can only look at the charging document. Harmless error, this is not a structural error. And that can be seen by comparing this case to Gott. In Gott, the whole record was mixed up between the information, the jury verdicts, the prosecutor's argument, and even the abstract of judgment. All of the documents in the prosecutor's argument mixed up subdivision B and subdivision D. So there was really an argument in that case that there wasn't fair notice because the subdivision B and D got mixed up. This case, there was no mixing up. Throughout the entire second trial, the only record we have in the jury verdicts, the instructions, the abstract of judgment, prosecutor's argument, and that was subdivision D. Under this record, it was harmless error not to have a formal charging document with the allegation. You say that as an alternate, right? Yes. Unless there are further questions, I would submit. I have one. Going back to page 245 that was referenced by Judge Smith. Here, some, although not all, of the facts supporting the section 120 to 2.53 subdivision D enhancement were alleged in the amended information as part of the substantive crimes charged, and some were alleged as part of an enhancement. What form did the enhancement allegation take? Was it a part of the judgment, the verdict form, or where did it come from? Well, I believe the statement is talking about the amended information. And when printed amended information, it refers to subdivision B, which is then crossed out and subdivision D is written in. Right. And I believe it's also referring to the overt acts alleged under the conspiracy charge. So all within the four corners of the information? Well, with the overt acts for the conspiracy, it did allege that it was an intentional discharge of a firearm. And the murder charge certainly alleged that it was a great bodily injury or death. Thank you. Thank you, Counsel. Counsel, you've used your time, but I will allow you one minute. I just wanted to point out that the Supreme Court's order denying review can be found in SER 249, where it just said petition for review is denied. No reference to the merits? No. And no citation of cases? No. Petition for review denied. Okay. So did the Court of Appeals deny this because the argument was waived or forfeited, or did it deny it on the merits? Well, if it's denied because it's forfeited and the Supreme Court hasn't said that it isn't reasonable for us to assume that the Supreme Court denied it because you forfeited or waived the argument. And if that's the case, then that's an independent and adequate state ground, and we don't have any basis for reviewing the judgment. Well, the California Court of Appeals denied it on two reasons, failure to object and it found that the defendant received notice. Because it said, defendant cannot reasonably claim lack of notice concerning the enhancement and waived the claim. So it's both together and it's interwoven. And under certain court authority, if it's interwoven, if the state court denies it in part upon federal grounds, the defendant still may seek relief in federal court. And that's Coleman v. Thompson, a U.S. Supreme Court case, 501 at 735. And the last comment I'd like to make, as far as the amended information regarding the enhancement itself, which is found on 272, it just states it's further alleged as counts 1, 3, 4, and 5, and 6, that a principal personally used a firearm and a handgun within the meaning of Penal Code section 12022.3b and e1. There's no facts alleged in that enhancement. Just one quick question. I'm looking at S.E.R. 505, 506. And is Mr. Lynch the defense lawyer at the trial? I'm sorry, Your Honor. Was Mr. Lynch your client's attorney at the trial? Your Honor, I don't recall that. Okay. Because here he's asking that the judge amend the CALJIC 17.7 and 19.5 to clarify that it's supposed to be subsection D and e1 rather than 12022.53b, which I think is the point that the government was making. If Mr. Lynch was the defense lawyer, actually Mr. Giannini, whoever he was, participated as well. So you've got both counsel involved, and they seem to have agreed that Penal Code sections 12022.53d and e1 were the ones that were referred to in the amended jury instructions. Is that not the very issue before us? I don't recall that part of the record, so I don't know if I can respond. Again, going back to my original argument, if that's true, that is an outside source. Okay. But, again, we're kind of going around in circles because you agree that the Supreme Court's not given a four corners instruction. There are all kinds of other bases from which it comes. You keep going back to the point it's not in the information. So I guess we have your point. Thank you, Your Honor. Thank you, counsel. We thank both counsel for the argument. Odin v. Knowles will be submitted. And the next case on the order.
judges: Dawson, Bybee, Smith M.